UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHELLE PEOPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:22-cv-126-PPS-JEM |
| ) | |
| ESKER PEOPLES, III, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Michelle Peoples, proceeding without a lawyer, filed a complaint [DE 1] and a motion for leave to proceed *in forma pauperis* (IFP). [DE 2.] To adjudicate a case, a court must be able to lawfully exercise jurisdiction over the parties and the subject matter of the case. As explained below, I cannot exercise either in this case and, therefore, the motion to proceed *in forma pauperis* is denied and this case is dismissed.

The IFP statute is designed to ensure that indigent plaintiffs have meaningful access to federal courts. *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 342 (1948). When granted, a plaintiff may proceed without paying fees and costs, provided the plaintiff submits an affidavit attesting an inability to pay and the action is not frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). This access is limited to a preliminary determination that the case has merit and the plaintiff is indigent. In addition, the court must have jurisdiction over the case. There are two types of jurisdiction. Federal question jurisdiction requires a violation under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

Federal diversity jurisdiction requires that no plaintiff to an action be from the same state as any defendant and the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332.

One exception to federal jurisdiction is the domestic relations exception. This exception prevents federal courts from considering state-court claims involving "one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support." *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998); *see Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) ("[T]he domestic-relations exception . . . denies federal jurisdiction to grant a divorce or exercise the other characteristic powers of a domestic-relations court.").

Ms. Peoples seeks $40,000 in payment for child support from an order in 2016 arising from a case in the Lake County, Indiana court. [DE 1 at 2.] Peoples' complaint essentially asks the federal district court to adjudicate her request for monetary damages set out in a state court proceeding, which would require the court to evaluate the merits of her request. While I certainly sympathize with Ms. Peoples' plight, I have no jurisdiction in this matter because the domestic relations exception applies here. Her grievances need to be addressed with the Lake County judge overseeing the pending child support case. If she believes that she has claims over which this court has jurisdiction, she must initiate a new federal action by filing a complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

ACCORDINGLY:

Ms. Peoples' motion to proceed *in forma pauperis* [DE 2] is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.

This case is now closed.

SO ORDERED on May 11, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT